ORIGINAL

THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
THOMAS E. FRANKOVICH (State Bar No. 074414)
4328 Redwood Hwy., Suite 300
San Rafael, CA 94903
Telephone:     415/674-8600
Facsimile:     415/674-9900

Attorneys for Plaintiff
CRAIG YATES, an individual

FILED

E-filing

JUL 2 0 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

CV 10 3179

CRAIG YATES, an individual,

    Plaintiff,

v.

JONG H. WONG BUILDING, a.k.a. JONG
H. WONG, Trustee of the Qualified
Terminable Interest Property Trust created
under the JONG H. & SHARON WONG
REVOCABLE TRUST dated June 5, 1995,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CASE NO.**
**Civil Rights**

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**

**1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)

**2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3

**3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.*

**4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act)

**DEMAND FOR JURY**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1    Plaintiff CRAIG YATES, an individual, complains of defendant JONG H. WONG,

2    Trustee of the Qualified Terminable Interest Property Trust created under the JONG H. &

3    SHARON WONG REVOCABLE TRUST dated June 5, 1995 and alleges as follows:

4    **INTRODUCTION:**

5        1.      This is a civil rights action for discrimination against persons with physical

6    disabilities, of which class plaintiff CRAIG YATES and the disability community are members,

7    for failure to remove architectural barriers structural in nature at defendant's JONG H. WONG

8    BUILDING, a place of public accommodation, thereby discriminatorily denying plaintiff and the

9    class of other similarly situated persons with physical disabilities access to, the full and equal

10   enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and

11   accommodations thereof.  Plaintiff seeks injunctive relief and damages pursuant to the

12   Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

13   51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

14       2.      Plaintiff CRAIG YATES  is a person with physical disabilities who, on or about

15   November 19, 2009, December 3, 2009, May 2, 2010 and June 14, 2010, was an invitee, guest,

16   patron, customer at defendant's JONG H. WONG BUILDING , in the City of San Francisco,

17   California.  At said times and place, defendant failed to provide proper legal access to Lian's

18   Nails, Metro Cellular and Red's Cafe and each of which is a "public accommodation"

19   comprising the JONG H. WONG BUILDING and/or a "public facility" including, but not limited

20   to the entrance(s) and restroom.  The denial of access was in violation of both federal and

21   California legal requirements, and plaintiff CRAIG YATES suffered violation of his civil rights

22   to full and equal access, and was embarrassed and humiliated.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 | **JURISDICTION AND VENUE:**

2 |     3.    **Jurisdiction:** This Court has jurisdiction of this action pursuant to 28 U.S.C.

3 | §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

4 | Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

5 | nucleus of operative facts and arising out of the same transactions, are also brought under parallel

6 | California law, whose goals are closely tied with the ADA, including but not limited to violations

7 | of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

8 | *seq.*, including §19959; Title 24 California Building Standards Code.

9 |     4.    **Venue:** Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

10 | founded on the facts that the real property which is the subject of this action is located at/near

11 | 2890 Mission Street, 2888 Mission Street and 2894 Mission Street, in the City and County of

12 | San Francisco, State of California, and that plaintiff's causes of action arose in this county.

13 | **PARTIES:**

14 |     5.    Plaintiff CRAIG YATES is a "physically handicapped person", a "physically

15 | disabled person", and a "person with physical disabilities" (hereinafter the terms "physically

16 | disabled", "physically handicapped" and "person with physical disabilities" are used

17 | interchangeably, as these words have similar or identical common usage and legal meaning, but

18 | the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

19 | handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other

20 | statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff

21 | CRAIG YATES is a "person with physical disabilities", as defined by all applicable California

22 | and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a

23 | wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that

24 | portion of the public whose rights are protected by the provisions of Health & Safety Code

25 | §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped

26 | Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the

27 | Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.

28 | §12101, *et seq.*

6. Defendant JONG H. WONG, Trustee of the Qualified Terminable Interest Property Trust created under the JONG H. & SHARON WONG REVOCABLE TRUST dated June 5, 1995 (hereinafter alternatively collectively referred to as "defendant") is the owner and operator, lessor and/or lessee, or agent of the owners, lessors and/or lessees, of the public accommodation known as JONG H. WONG BUILDING, located at/near 2890 Mission Street, 2888 Mission Street and 2894 Mission Street, San Francisco, California, or of the building and/or buildings which constitute said public accommodation.

7. At all times relevant to this complaint, defendant JONG H. WONG, Trustee of the Qualified Terminable Interest Property Trust created under the JONG H. & SHARON WONG REVOCABLE TRUST dated June 5, 1995, owns and operates in joint venture the subject JONG H. WONG BUILDING as a public accommodation. This business is open to the general public and conducts business therein. The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

8. At all times relevant to this complaint, defendant JONG H. WONG, Trustee of the Qualified Terminable Interest Property Trust created under the JONG H. & SHARON WONG REVOCABLE TRUST dated June 5, 1995 is jointly and severally responsible to identify and remove architectural barriers at the subject JOHN H. WONG BUILDING pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

**§ 36.201      General**

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

**PRELIMINARY FACTUAL ALLEGATIONS:**

9.      The JONG H. WONG BUILDING, is a commercial building comprised of Lian's Nails, Metro Cellular and Red's Cafe, located at/near 2890 Mission Street, 2888 Mission Street and 2894 Mission Street, San Francisco, California.  The JONG H. WONG BUILDING, its entrance(s) and restroom, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act. On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the JONG H. WONG BUILDING and each of its three public accommodations which comprise it, its entrance(s) and restroom to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

10.      On or about June 5, 1995, defendant's and each of them purchased and/or took possessory control of the premises now known as JONG H. WONG BUILDING.  At all times prior thereto, defendant's  and each of them were aware of their obligation prior to the close of escrow, or upon taking possessory interest that public accommodations had a duty to identify and remove architectural barriers and were aware that the Lian's Nails, Metro Cellular and Red's Café were not accessible to the disabled.  Nevertheless, defendants' and each of them, operated JONG H. WONG BUILDING as though it was accessible.

11.      At all times stated herein, defendants' and each of them with the knowledge that each of them had a continuing obligation to identify and remove architectural barriers where it was readily achievable to do so, failed to adopt a transition plan to provide better and/or compliant access to the subject accommodation.

12.      At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out, Lian's Nails, Metro Cellular and Red's Café as being handicapped accessible and handicapped usable.

13.      On or about November 19, 2009, December 3, 2009, May 2, 2010 and June 14, 2010, plaintiff CRAIG YATES was an invitee and guest at the subject Lian's Nails, Metro Cellular and Red's Café, for purposes of shopping.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14.     On or about November 19, 2009, plaintiff CRAIG YATES encountered entrance(s) at Lian's Nails, Metro Café and Red's Café which were not accessible. Red's Café had a set of double doors which were too narrow to pass through individually in a wheelchair. Lian's Nails and Metro Cellular each had an entrance which was too steep and did not have a proper landing.

15.     On or about November 19, 2009, plaintiff CRAIG YATES wrote six (6) letters to the landlords and tenants of Lian's Nails, Metro Cellular and Red's Café about the entrance(s) of each of these three (3) public accommodations and offered suggestions on how the access barriers could be remedied. Plaintiff CRAIG YATES never received a response.

16.     On or about December 3, 2009, plaintiff CRAIG YATES returned to Lian's Nails and Metro Cellular and encountered the same inaccessible entrance(s). Plaintiff CRAIG YATES approached Red's Café, and plaintiff CRAIG YATES sat outside until employees came out and opened both doors. This allowed plaintiff CRAIG YATES to access Red's Café.

17.     At said time and place, plaintiff CRAIG YATES had needed to use an accessible restroom. Plaintiff CRAIG YATES wheeled to the restroom at Red's Café. Plaintiff CRAIG YATES found that the restroom was not accessible.

18.     On or about January 21, 2010, plaintiff CRAIG YATES once again wrote six (6) letters. Three (3) of the letters were addressed to the manager(s) of Lian's Nails, Metro Cellular and Red's Café. Three (3) more letters were to the landlords at these three locations. In his letter(s), plaintiff CRAIG YATES once again raised the issue of steep slopes and narrow doors at the subject public accommodations. Plaintiff CRAIG YATES never received a response.

19.     On or about May 2, 2010, plaintiff CRAIG YATES returned to Lian's Nails and Red's Café and encountered inaccessible entrance(s) at each public accommodation and an inaccessible restroom at the Red's Café.

20.     On or about June 14, 2010, plaintiff CRAIG YATES returned to these same three (3) public accommodations. Absolutely no remedial work had been done. Plaintiff CRAIG YATES encountered all of the same architectural barriers as on May 2, 2010. On this occasion when plaintiff CRAIG YATES patronized the Red's Café, the double doors were propped open.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   However, when plaintiff CRAIG YATES attempted to use the restroom at the Red's Café, he

2   found it to be inaccessible.

3        21.    Therefore, at said time(s) and place(s), plaintiff CRAIG YATES a person with a

4   disability, encountered the following inaccessible elements of the subject JONG H. WONG

5   BUILDING which constituted architectural barriers and a denial of the proper and legally-

6   required access to a public accommodation to persons with physical disabilities including, but

7   not limited to:

8            a.    lack of an accessible entrance at Lian's Nails, Metro Cellular and Red's
             Café;

9

10           b.    lack of a handicapped-accessible public restroom at Red's Café; and

11           c.    On personal knowledge, information and belief, other public facilities and
             elements too numerous to list were improperly inaccessible for use by
             persons with physical disabilities.

12

13       22.    At all times stated herein, the existence of architectural barriers at defendants'

14  place of public accommodation evidenced "actual notice" of defendants' intent not to comply

15  with the Americans with Disabilities Act of 1990 either then, now or in the future.

16       23.    On or about November 19, 2009 and January 21, 2010, defendant(s) were sent

17  twelve (12) letters by or on behalf of plaintiff CRAIG YATES advising of their need to take

18  immediate action to remove architectural barriers and requesting a written response upon receipt

19  of his letter, promising to immediately remove the barriers. Said letters are attached hereto

20  collectively as exhibit "A" and incorporated by reference as though fully set forth herein.

21  Defendants' failure to respond evidenced an intent not to seek or engage in an early and

22  reasonable resolution of the matter.

23       24.    As a legal result of defendant JONG H. WONG, Trustee of the Qualified

24  Terminable Interest Property Trust created under the JONG H. & SHARON WONG

25  REVOCABLE TRUST dated June 5, 1995's failure to act as a reasonable and prudent public

26  accommodation in identifying, removing or creating architectural barriers, policies, practices and

27  procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered the

28  damages as alleged herein.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25. As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiff was denied his civil rights to full and equal access to public facilities. Plaintiff CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities.

26. Further, plaintiff CRAIG YATES suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

27. Defendant's, and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

28. Plaintiff CRAIG YATES was denied his rights to equal access to a public facility by defendant JONG H. WONG, Trustee of the Qualified Terminable Interest Property Trust created under the JONG H. & SHARON WONG REVOCABLE TRUST dated June 5, 1995, because defendant JONG H. WONG, Trustee of the Qualified Terminable Interest Property Trust created under the JONG H. & SHARON WONG REVOCABLE TRUST dated June 5, 1995 maintained a Lian's Nails, Metro Cellular and Red's Café without access for persons with physical disabilities to its facilities, including but not limited to the entrance(s) and restroom, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiff and other persons with physical disabilities in these and other ways.

///

///

29. On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

30. Plaintiff, as described hereinbelow, seeks injunctive relief to require the JOHN H. WONG BUILDING to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendant operates the Lian's Nails and Metro Cellular and Red's Cafe as a public facility.

31. Plaintiff seeks damages for violation of their civil rights on November 19, 2009, December 3, 2009, May 2, 2010 and June 14, 2010 and seeks statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff CRAIG YATES from returning to the subject public accommodation because of his knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

32. On information and belief, defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

33. Because of defendant's violations, plaintiff and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as plead herein. Plaintiff seeks an order from this court compelling defendants to make the JONG H. WONG BUILDING accessible to persons with disabilities.

///

///

34.     On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24. The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiff, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiff and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators and landlords of other commercial buildings and other public facilities, and to punish defendants and to carry out the purposes of the Civil Code §§ 51, 51.5 and 54.

35.     Plaintiff is informed and believes and therefore alleges that defendant JONG H. WONG, Trustee of the Qualified Terminable Interest Property Trust created under the JONG H. & SHARON WONG REVOCABLE TRUST dated June 5, 1995, and each of them, caused the subject building(s) which is comprised of Lian's Nails, Metro Cellular and Red's Cafe to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of JONG H. WONG BUILDING and were denied full and equal use of said public facilities. Furthermore, on information and belief, defendant has continued to maintain and operate said Red's Café, Lian's Nails and Metro Cellular and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendant that the configuration of the JONG H. WONG BUILDING and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff CRAIG YATES, and other members of the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

///

///

1          36.      On personal knowledge, information and belief, the basis of defendants' actual and
2   constructive notice that the physical configuration of the facilities including, but not limited to,
3   architectural barriers constituting Lian's Nails, Metro Cellular and Red's Cafe and/or building(s)
4   was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes,
5   but is not limited to, communications with invitees and guests, plaintiff CRAIG YATES himself,
6   sponsors of conferences, owners of other restaurants, hotels, motels, salons, service
7   establishments and businesses, notices they obtained from governmental agencies upon
8   modification, improvement, or substantial repair of the subject premises and other properties
9   owned by these defendants, newspaper articles and trade publications regarding the Americans
10  with Disabilities Act of 1990 and other access laws, public service announcements by former U.S.
11  Attorney General Janet Reno between 1993 and 2000, and other similar information. Defendants'
12  failure, under state and federal law, to make the JONG H. WONG BUILDING accessible is
13  further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly
14  situated persons with disabilities. Despite being informed of such effect on plaintiff and other
15  persons with physical disabilities due to the lack of accessible facilities, defendants, and each of
16  them, knowingly and willfully refused to take any steps to rectify the situation and to provide full
17  and equal access for plaintiff and other persons with physical disabilities to the JONG H. WONG
18  BUILDING. Said defendant, and each of them, have continued such practices, in conscious
19  disregard for the rights of plaintiff and other persons with physical disabilities, up to the date of
20  filing of this complaint, and continuing thereon. Defendant had further actual knowledge of the
21  architectural barriers referred to herein by virtue of the demand letter addressed to the defendant
22  and served concurrently with the summons and complaint. Said conduct, with knowledge of the
23  effect it was and is having on plaintiff and other persons with physical disabilities, constitutes
24  despicable conduct in conscious disregard of the rights and safety of plaintiff and of other
25  similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and
26  54.3.
27  ///
28  ///

37.    Plaintiff CRAIG YATES and the disability community, consisting of persons with disabilities, would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

**I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiff CRAIG YATES, an individual and Against Defendant JONG H. WONG BUILDING, a.k.a. JONG H. WONG, Trustee of the Qualified Terminable Interest Property Trust created under the JONG H. & SHARON WONG REVOCABLE TRUST dated June 5, 1995, inclusive)
(42 U.S.C. §12101, *et seq.*)

38.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 37 of this complaint.

39.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

40.    Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

///

1    41.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336

2 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

3 Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public

4 accommodations identified for purposes of this title was:

5        (7)    PUBLIC ACCOMMODATION - The following private
              entities are considered public accommodations for purposes of this
6              title, if the operations of such entities affect commerce -

7                          ---

8              (B) a restaurant, bar or other establishment serving food or
              drink;
9
              (E) a bakery, grocery store, clothing store, hardware store,
10             shopping center, or other sales or rental establishment; and

11             (F) a laundromat, dry-cleaner, bank, barber shop, beauty
              parlor, travel service, shoe repair service, funeral parlor, gas station,
12             office of an accountant or lawyer, pharmacy, insurance office,
              professional office of a health care provider, hospital or other
13             service establishment.

14        42 U.S.C. §12181(7)(B)(E) and (F)

15    42.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against

16 on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

17 privileges, advantages, or accommodations of any place of public accommodation by any person

18 who owns, leases, or leases to, or operates a place of public accommodation."

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1    43.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),

2   42 U.S.C. §12182(b)(2)(a) are:

3            (I)    the imposition or application of eligibility criteria
      that screen out or tend to screen out an individual with a disability
4     or any class of individuals with disabilities from fully and equally
      enjoying any goods, services, facilities, privileges, advantages, or
5     accommodations, unless such criteria can be shown to be necessary
      for the provision of the goods, services, facilities, privileges,
6     advantages, or accommodations being offered;

7            (ii)    a failure to make reasonable modifications in
      policies, practices, or procedures, when such modifications are
8     necessary to afford such goods, services, facilities, privileges,
      advantages or accommodations to individuals with disabilities,
9     unless the entity can demonstrate that making such modifications
      would fundamentally alter the nature of such goods, services,
10    facilities, privileges, advantages, or accommodations;

11           (iii)    a failure to take such steps as may be necessary to
      ensure that no individual with a disability is excluded, denied
12    services, segregated or otherwise treated differently than other
      individuals because of the absence of auxiliary aids and services,
13    unless the entity can demonstrate that taking such steps would
      fundamentally alter the nature of the good, service, facility,
14    privilege, advantage, or accommodation being offered or would
      result in an undue burden;

15
             (iv)    a failure to remove architectural barriers, and
16    communication barriers that are structural in nature, in existing
      facilities . . . where such removal is readily achievable; and
17
             (v)    where an entity can demonstrate that the removal of
18    a barrier under clause (iv) is not readily achievable, a failure to
      make such goods, services, facilities, privileges, advantages or
19    accommodations available through alternative methods if such
      methods are readily achievable.
20

21   The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public

22   Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective

23   January 31, 1993, the standards of the ADA were also incorporated into California Civil Code

24   §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

25   ///

26   ///

27   ///

28   ///

1    44.    The removal of the barriers complained of by plaintiff as hereinabove alleged were
2 at all times after January 26, 1992 "readily achievable" as to the subject building(s) of JONG H.
3 WONG BUILDING pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if
4 the removal of all the barriers complained of herein together was not "readily achievable," the
5 removal of each individual barrier complained of herein was "readily achievable." On
6 information and belief, defendant's failure to remove said barriers was likewise due to
7 discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182
8 (b)(2)(A)(i)and (ii).

9    45.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily
10 accomplishable and able to be carried out without much difficulty or expense." The statute
11 defines relative "expense" in part in relation to the total financial resources of the entities
12 involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that
13 plaintiff complains of herein were and are "readily achievable" by the defendant under the
14 standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was
15 not "readily achievable" for defendant to remove each of such barriers, defendants have failed to
16 make the required services available through alternative methods which were readily achievable.

17    46.    On information and belief, construction work on, and modifications of, the subject
18 building(s) of Lian's Nails, Metro Cellular and Red's Café occurred after the compliance date for
19 the Americans with Disabilities Act, January 26, 1992, independently triggering access
20 requirements under Title III of the ADA.

21    47.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et
22 seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
23 Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis
24 of disability in violation of this title or have reasonable grounds for believing that plaintiff is about
25 to be subjected to discrimination in violation of §302. Plaintiff is deterred from returning to or
26 making use of the public facilities complained of herein so long as the premises and defendants'
27 policies bar full and equal use by persons with physical disabilities.

28 ///

1    48.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a

2   disability to engage in a futile gesture if such person has actual notice that a person or

3   organization covered by this title does not intend to comply with its provisions."  Pursuant to this

4   section, plaintiff CRAIG YATES has not returned to defendant's premises since on or about

5   June 14, 2010, but on information and belief, alleges that defendants have continued to violate the

6   law and deny the rights of plaintiff and of other persons with physical disabilities to access this

7   public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of

8   §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

9   facilities readily accessible to and usable by individuals with disabilities to the extent required by

10  this title."

11    49.    Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights

12  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

13  the Americans with Disabilities Act of 1990, including but not limited to an order granting

14  injunctive relief and attorneys' fees.  Plaintiff will seek attorneys' fees conditioned upon being

15  deemed to be the prevailing party.

16  **II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
        IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**

17      (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant JONG H.
        WONG BUILDING, a.k.a. JONG H. WONG, Trustee of the Qualified Terminable Interest

18      Property Trust created under the JONG H. & SHARON WONG REVOCABLE TRUST
        dated June 5, 1995, inclusive)

19      (California Civil Code §§54, 54.1, 54.3, *et seq.*)

20    50.    Plaintiff repleads and incorporates by reference as if fully set forth again herein, the

21  allegations contained in paragraphs 1 through 49 of this complaint.

22    51.    At all times relevant to this action, California Civil Code §54 has provided that

23  persons with physical disabilities are not to be discriminated against because of physical handicap

24  or disability.  This section provides that:

25          (a) Individuals with disabilities . . . have the same rights as
            the general public to full and free use of the streets, highways,

26          sidewalks, walkways, public buildings, medical facilities, including
            hospitals, clinics, and physicians' offices, and other public places.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

1    52.    California Civil Code §54.1 provides that persons with disabilities shall not be

2   denied full and equal access to places of public accommodation or facilities:

3            (a)(1) Individuals with disabilities shall be entitled to full
            and equal access, as other members of the general public, to
4           accommodations, advantages, facilities, medical facilities, including
            hospitals, clinics, and physicians' offices, and privileges of all
5           common carriers, airplanes, motor vehicles, railroad trains,
            motorbuses, streetcars, boats, or any other public conveyances or
6           modes of transportation (whether private, public, franchised,
            licensed, contracted, or otherwise provided), telephone facilities,
7           adoption agencies, private schools, hotels, lodging places, places of
            public accommodation, amusement or resort, and other places to
8           which the general public is invited, subject only to the conditions
            and limitations established by law, or state or federal regulation, and
9           applicable alike to all persons.

10          Civil Code §54.1(a)(1)

11    53.    California Civil Code §54.1 further provides that a violation of the Americans with

12   Disabilities Act of 1990 constitutes a violation of section 54.1:

13          (d) A violation of the right of an individual under the
            Americans with Disabilities Act of 1990 (Public Law 101-336) also
14          constitutes a violation of this section, and nothing in this section
            shall be construed to limit the access of any person in violation of
15          that act.

16          Civil Code §54.1(d)

17    54.    Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1

18   whose rights have been infringed upon and violated by the defendant, and each of them, as

19   prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendant

20   knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil

21   Code §§54 and 54.1. Plaintiff has been and continue to be denied full and equal access to

22   defendant's JONG H. WONG BUILDING.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1  As a legal result, plaintiff is entitled to seek damages pursuant to a court or jury determination, in

2  accordance with California Civil Code §54.3(a) for each day on which he visited or have been

3  deterred from visiting the JONG H. WONG BUILDING because of his knowledge and belief that

4  the subject commercial building is inaccessible to persons with disabilities.  California Civil Code

5  §54.3(a) provides:

6       Any person or persons, firm or corporation, who denies or interferes
     with admittance to or enjoyment of the public facilities as specified

7       in Sections 54 and 54.1 or otherwise interferes with the rights of an
     individual with a disability under Sections 54, 54.1 and 54.2 is

8       liable for each offense for the actual damages and any amount as
     may be determined by a jury, or the court sitting without a jury, up

9       to a maximum of three times the amount of actual damages but in
     no case less than . . .one thousand dollars ($1,000) and . . .

10       attorney's fees as may be determined by the court in addition
     thereto, suffered by any person denied any of the rights provided in

11       Sections 54, 54.1 and 54.2.

12       Civil Code §54.3(a)

13     55.   On or about November 19, 2009, December 3, 2009, May 2, 2010 and June 14,

14  2010, plaintiff CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in that plaintiff

15  CRAIG YATES was denied access to the entrance(s) and restroom at Red's Cafe and other public

16  facilities as stated herein the Lian's Nails, Metro Cellular and Red's Café and on the basis that

17  plaintiff CRAIG YATES was a person with physical disabilities.

18     56.   As a result of the denial of equal access to defendants' facilities due to the acts and

19  omissions of defendants, and each of them, in owning, operating and maintaining these subject

20  public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to

21  rights under Civil Code §§54, 54.1 and 54.3.

22     57.   Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental

23  anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment

24  and worry, all of which are expectedly and naturally associated with a denial of access to a person

25  with physical disabilities, all to plaintiff's damages as hereinafter stated.

26  ///

27  ///

28  ///

1   Defendant's actions and omissions to act constituted discrimination against plaintiff on the sole

2   basis that plaintiff is a person or an entity that represents persons with physical disabilities and

3   unable, because of the architectural barriers created and maintained by the defendant in violation

4   of the subject laws, to use the public facilities hereinabove described on a full and equal basis as

5   other persons.

6       58.    Plaintiff has been damaged by defendant's, and each of their, wrongful conduct and

7   seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights

8   as a person or an entity that represents persons with physical disabilities on or about

9   November 19, 2009, December 3, 2009, May 2, 2010 and June 14, 2010, and on a continuing

10  basis since then, including statutory damages, a trebling of all of actual damages, general and

11  special damages available pursuant to §54.3 of the Civil Code according to proof.

12      59.    As a result of defendants', and each of their, acts and omissions in this regard,

13  plaintiff has been required to incur legal expenses and hire attorneys in order to enforce

14  plaintiff's rights and enforce the provisions of the law protecting access for persons with physical

15  disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to

16  the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all

17  reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally,

18  plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to

19  compel the defendants to make their facilities accessible to all members of the public with

20  disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

21  the provisions of §1021.5 of the Code of Civil Procedure.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1  **III.**    **THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY**
             **FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***

2           (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant JONG H.
          WONG BUILDING, a.k.a. JONG H. WONG, Trustee of the Qualified Terminable Interest

3          Property Trust created under the JONG H. & SHARON WONG REVOCABLE TRUST
          dated June 5, 1995, inclusive)

4          (Health & Safety Code §19955, *et seq.*)

5      60.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

6  the allegations contained in paragraphs 1 through 59 of this complaint.

7

8      61.    Health & Safety Code §19955 provides in pertinent part:

9           The purpose of this part is to insure that public accommodations or
           facilities constructed in this state with private funds adhere to the

10         provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
          of Title 1 of the Government Code. For the purposes of this part

11         "public accommodation or facilities" means a building, structure,
          facility, complex, or improved area which is used by the general

12         public and shall include auditoriums, hospitals, theaters, restaurants,
          hotels, motels, stadiums, and convention centers. When sanitary

13         facilities are made available for the public, clients or employees in
          such accommodations or facilities, they shall be made available for

14         the handicapped.

15      62.    Health & Safety Code §19956, which appears in the same chapter as §19955,

16  provides in pertinent part, "accommodations constructed in this state shall conform to the

17  provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

18  Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

19  public accommodations constructed or altered after that date. On information and belief, portions

20  of the JONG H. BUILDING and/or of the building(s) were constructed and/or altered after July 1,

21  1970, and substantial portions of the Red's Cafe and/or the building(s) had alterations, structural

22  repairs, and/or additions made to such public accommodations after July 1, 1970, thereby

23  requiring said Red's Cafe and/or building to be subject to the requirements of Part 5.5, §19955, *et*

24  *seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health

25  & Safety Code §19959.

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    63.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State

2 Architect promulgated regulations for the enforcement of these provisions. Effective July 1,

3 1982, Title 24 of the California Building Standards Code adopted the California State Architect's

4 Regulations and these regulations must be complied with as to any alterations and/or

5 modifications of Red's Café and/or the building(s) occurring after that date. Construction changes

6 occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the

7 "ASA" requirements, the American Standards Association Specifications, A117.1-1961.  On

8 information and belief, at the time of the construction and modification of said building, all

9 buildings and facilities covered were required to conform to each of the standards and

10 specifications described in the American Standards Association Specifications and/or those

11 contained in Title 24 of the California Building Standards Code.

12    64.    Restaurants such as the Red's Café  are "public accommodations or facilities"

13 within the meaning of Health & Safety Code §19955, *et seq*.

14    65.    As a result of the actions and failure to act of defendant, and as a result of the

15 failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied

16 plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil

17 rights and plaintiff's rights as a person with physical disabilities to full and equal access to public

18 facilities.

19    66.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,

20 plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's

21 civil rights and enforce provisions of the law protecting access for the persons with physical

22 disabilities and prohibiting discrimination against the persons with physical disabilities, and to

23 take such action both in plaintiff's own interests and in order to enforce an important right

24 affecting the public interest. Plaintiff, therefore, seeks in this lawsuit the recovery of all

25 reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

26 §1021.5.

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953 and Civil

2   Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and litigation

3   expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).  Plaintiff

4   will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

5          67.    Plaintiff seeks injunctive relief for an order compelling defendant, and each of

6   them, to make the subject place of public accommodation readily accessible to and usable by

7   persons with disabilities.

8   **IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND**
         **EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**
9        **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET***
         ***SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
10       (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant JONG H.
         WONG BUILDING, a.k.a. JONG H. WONG, Trustee of the Qualified Terminable Interest
11       Property Trust created under the JONG H. & SHARON WONG REVOCABLE TRUST
         dated June 5, 1995, inclusive)
12       (Civil Code §51, 51.5)

13         68.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

14   the allegations contained in paragraphs 1 through 67 of this complaint.

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

69.     Defendant's actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the failure on the parts of defendant, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendant, and each of them.

///

///

///

///

1    70.    The acts and omissions of defendant stated herein are discriminatory in nature and

2  in violation of Civil Code §51.5:

3           No business establishment of any kind whatsoever shall
            discriminate against, boycott or blacklist, refuse to buy from, sell to,
4           or trade with any person in this state because of the race, creed,
            religion, color, national origin, sex, or **disability** of the person or of
5           the person's partners, members, stockholders, directors, officers,
            managers, superintendents, agents, employees, business associates,
6           suppliers, or customers.

7           As used in this section, "person" includes any person, firm
            association, organization, partnership, business trust, corporation,
8           limited liability company, or company.

9           Nothing in this section shall be construed to require any
            construction, alteration, repair, structural or otherwise, or
10          modification of any sort whatsoever, beyond that construction,
            alteration, repair or modification that is otherwise required by other
11          provisions of law, to any new or existing establishment, facility,
            building, improvement, or any other structure . . . nor shall anything
12          in this section be construed to augment, restrict or alter in any way
            the authority of the State Architect to require construction,
13          alteration, repair, or modifications that the State Architect otherwise
            possesses pursuant to other laws.

14

15   71.    Defendant's acts and omissions as specified have denied to the plaintiff full and

16  equal accommodations, advantages, facilities, privileges and services in a business establishment,

17  on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil

18  Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A

19  violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public

20  Law 101-336) shall also constitute a violation of this section." Plaintiff accordingly incorporates

21  the entirety of his above cause of action for violation of the Americans with Disabilities Act at

22  §38, *et seq.*, as if repled herein.

23   72.    As a further legal result of the actions and failure to act of defendant, and as a

24  legal result of the failure to provide proper handicapped-accessible public facilities as set forth

25  herein, plaintiff was denied his civil rights to full and equal access to public facilities. Plaintiff

26  CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical

27  disabilities to full and equal access to public facilities.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    73.    Further, plaintiff CRAIG YATES suffered mental distress, mental

2  suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger,

3  disappointment and worry, all of which are expectedly and naturally associated with a denial of

4  access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

5  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole

6  basis that plaintiff is a person or an entity that represents persons with physical disabilities and

7  unable, because of the architectural barriers created and maintained by the defendants in violation

8  of the subject laws, to use the public facilities hereinabove described on a full and equal basis as

9  other persons.

10    74.    Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a)

11  of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to

12  mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is

13  allowed by statute, according to proof if deemed to be the prevailing party.

14  ///
15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

1  **PRAYER:**

2      Plaintiff prays that this court award damages and provide relief as follows:

3  **I.**     **PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
4      **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
    (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant JONG H.
5      WONG BUILDING, a.k.a. JONG H. WONG, Trustee of the Qualified Terminable Interest
    Property Trust created under the JONG H. & SHARON WONG REVOCABLE TRUST
6      dated June 5, 1995, inclusive)
    (42 U.S.C. §12101, *et seq.*)
7

8      1.     For injunctive relief, compelling defendant JONG H. WONG BUILDING, a.k.a.

9  JONG H. WONG, Trustee of the Qualified Terminable Interest Property Trust created under the

10  JONG H. & SHARON WONG REVOCABLE TRUST dated June 5, 1995, inclusive, to make the

11  JONG H. WONG BUILDING, which comprises Lian's Nails, Metro Cellular and Red's Cafe,

12  located at 2890 Mission Street, 2888 Mission Street and 2894 Mission Street, San Francisco,

13  California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181,

14  *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and

15  procedures so as to afford full access to the goods, services, facilities, privileges, advantages and

16  accommodations being offered.

17      2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the

18  prevailing party; and

19      3.     For such other and further relief as the court may deem proper.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 **II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND**
**EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
2   **AND 54.3,** *ET SEO.*
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant JONG H.
3   WONG BUILDING, a.k.a. JONG H. WONG, Trustee of the Qualified Terminable Interest
Property Trust created under the JONG H. & SHARON WONG REVOCABLE TRUST
4   dated June 5, 1995, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)
5

6     1.     For injunctive relief, compelling defendant JONG H. WONG BUILDING, a.k.a.

7 JONG H. WONG, Trustee of the Qualified Terminable Interest Property Trust created under the

8 JONG H. & SHARON WONG REVOCABLE TRUST dated June 5, 1995, inclusive, to make the

9 JONG H. WONG BUILDING, which comprises Lian's Nails, Metro Cellular and Red's Cafe,

10 located at 2890 Mission Street, 2888 Mission Street and 2894 Mission Street, San Francisco,

11 California, readily accessible to and usable by individuals with disabilities, per state law.

12     2.     Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

13 each occasion on which plaintiff was deterred from returning to the subject public

14 accommodation.

15     3.     Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

16 if plaintiffs are deemed the prevailing party;

17     4.     Treble damages pursuant to Civil Code §54.3;

18     5.     General damages according to proof;

19     6.     For all costs of suit;

20     7.     Prejudgment interest pursuant to Civil Code §3291; and

21     8.     Such other and further relief as the court may deem just and proper.

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

**III.   PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955,** *ET. SEQ.*
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant JONG H. WONG BUILDING, a.k.a. JONG H. WONG, Trustee of the Qualified Terminable Interest Property Trust created under the JONG H. & SHARON WONG REVOCABLE TRUST dated June 5, 1995, inclusive)
(Health & Safety code §19955, *et seq.*)

1.     For injunctive relief, compelling defendant JONG H. WONG BUILDING, a.k.a.

JONG H. WONG, Trustee of the Qualified Terminable Interest Property Trust created under the

JONG H. & SHARON WONG REVOCABLE TRUST dated June 5, 1995, inclusive, to make the

JONG H. WONG BUILDING, which comprises Lian's Nails, Metro Cellular and Red's Cafe,

located at 2890 Mission Street, 2888 Mission Street and 2894 Mission Street, San Francisco,

California, readily accessible to and usable by individuals with disabilities, per state law.

2.     For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or,

alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

3.     For all costs of suit;

4.     For prejudgment interest pursuant to Civil Code §3291;

5.     Such other and further relief as the court may deem just and proper.

**IV.   PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51,** *ET SEQ.* **(THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendant JONG H. WONG BUILDING, a.k.a. JONG H. WONG, Trustee of the Qualified Terminable Interest Property Trust created under the JONG H. & SHARON WONG REVOCABLE TRUST dated June 5, 1995, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.     All statutory damages as afforded by Civil Code §52(a) for the date of incident and

for each occasion on which plaintiff was deterred from returning to the subject public

accommodation;

2.     Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing

party;

3.     General damages according to proof;

4.     Treble damages pursuant to Civil Code §52(a);

5.   For all costs of suit;

6.   Prejudgment interest pursuant to Civil Code §3291; and

7.   Such other and further relief as the court may deem just and proper.

Dated: _____ /5 , 2010     THOMAS E. FRANKOVICH,
                            *A PROFESSIONAL LAW CORPORATION*


                            By:
                                THOMAS E. FRANKOVICH
                                Attorneys for Plaintiff CRAIG YATES, an individual


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.


Dated: _____ /5 , 2010     THOMAS E. FRANKOVICH,
                            *A PROFESSIONAL LAW CORPORATION*


                            By:
                                THOMAS E. FRANKOVICH
                                Attorneys for Plaintiff CRAIG YATES, an individual

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES



Recycled   Stock # R DOA-10-B

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

November 19, 2009

Manager
Lian Nails
2890 Mission Street
San Francisco, CA 94110

Dear Manager of Lian Nails:

Recently, I was on Mission Street doing a little business, a little sight seeing and having a little food.

I came to Red's Café and I couldn't get in without assistance. It just so happened no one was around. You see I use a wheelchair and the doors are too narrow.

The reason I'm writing the three of you is because I looked around and wheeled to Lian Nails (saw a person in a wheelchair there) and Metro PC Cell store (kinda busy). I encountered rather steep ramps, that make it difficult in a wheelchair to get in, a manual chair.

Anyway, I thought that because all of you are tenants in the same building you could meet with the landlord and discuss the access.

It seems you need one big door at Red's, and a power door at each of the other places. You know once it rain, it's cold out and the doors will be shut. That makes it impossible to enter in a chair given the slope.

I thought the landlord and the tenants should know about this. That's why I wrote this identical letter to everybody. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

There is something that I want to tell each of you and if you care to, I'd like you to tell me what you think. The Americans with Disabilities Act of 1990 was passed 20 years ago. During that time, places like yours were to be made accessible. The building is certainly more than 20 years old, right? The landlord owns the place and rents it to tenants or maybe you've been the only tenant. The landlords past and present have gotten 20 years of rent, right? So, why with all that money aren't things made right? Can you explain it to me? I would really like your take on this. What am I missing here?

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back once it's accessible to me. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

It takes a little time to be able to get helpful information, so I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the Department of Justice at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. It's probably something the landlord could use. You can get information on this from the two places I mentioned. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

So, if you do the work there are many benefits: Disabled people will have access to the same goods and services as the non-disabled, that's called equality. You get a tax credit which is a help to you while at the same time fulfilling your responsibility to provide access, that's good. Access will be good for business. People with disabilities prefer accessible places to spend their money in, that's good. So, I hope you see all the benefits.

Thank you for considering my request.

Sincerely,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

November 19, 2009

Owner of the Building
Lian Nails
2890 Mission Street
San Francisco, CA 94110

Dear Owner of Building for Lian Nails:

Recently, I was on Mission Street doing a little business, a little sight seeing and having a little food.

I came to Red's Café and I couldn't get in without assistance. It just so happened no one was around. You see I use a wheelchair and the doors are too narrow.

The reason I'm writing the three of you is because I looked around and wheeled to Lian Nails (saw a person in a wheelchair there) and Metro PC Cell store (kinda busy). I encountered rather steep ramps, that make it difficult in a wheelchair to get in, a manual chair.

Anyway, I thought that because all of you are tenants in the same building you could meet with the landlord and discuss the access.

It seems you need one big door at Red's, and a power door at each of the other places. You know once it rain, it's cold out and the doors will be shut. That makes it impossible to enter in a chair given the slope.

I thought the landlord and the tenants should know about this. That's why I wrote this identical letter to everybody. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

There is something that I want to tell each of you and if you care to, I'd like you to tell me what you think. The Americans with Disabilities Act of 1990 was passed 20 years ago. During that time, places like yours were to be made accessible. The building is certainly more than 20 years old, right? The landlord owns the place and rents it to tenants or maybe you've been the only tenant. The landlords past and present have gotten 20 years of rent, right? So, why with all that money aren't things made right? Can you explain it to me? I would really like your take on this. What am I missing here?

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back once it's accessible to me. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

It takes a little time to be able to get helpful information, so I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the Department of Justice at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. It's probably something the landlord could use. You can get information on this from the two places I mentioned. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

So, if you do the work there are many benefits: Disabled people will have access to the same goods and services as the non-disabled, that's called equality. You get a tax credit which is a help to you while at the same time fulfilling your responsibility to provide access, that's good. Access will be good for business. People with disabilities prefer accessible places to spend their money in, that's good. So, I hope you see all the benefits.

Thank you for considering my request.

Sincerely,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

November 19, 2009

Manager
Metro Cell
2888 Mission Street
San Francisco, CA 94110

Dear Manager of Metro Cell:

Recently, I was on Mission Street doing a little business, a little sight seeing and having a little food.

I came to Red's Café and I couldn't get in without assistance. It just so happened no one was around. You see I use a wheelchair and the doors are too narrow.

The reason I'm writing the three of you is because I looked around and wheeled to Lian Nails (saw a person in a wheelchair there) and Metro PC Cell store (kinda busy). I encountered rather steep ramps, that make it difficult in a wheelchair to get in, a manual chair.

Anyway, I thought that because all of you are tenants in the same building you could meet with the landlord and discuss the access.

It seems you need one big door at Red's, and a power door at each of the other places. You know once it rain, it's cold out and the doors will be shut. That makes it impossible to enter in a chair given the slope.

I thought the landlord and the tenants should know about this. That's why I wrote this identical letter to everybody. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

There is something that I want to tell each of you and if you care to, I'd like you to tell me what you think. The Americans with Disabilities Act of 1990 was passed 20 years ago. During that time, places like yours were to be made accessible. The building is certainly more than 20 years old, right? The landlord owns the place and rents it to tenants or maybe you've been the only tenant. The landlords past and present have gotten 20 years of rent, right? So, why with all that money aren't things made right? Can you explain it to me? I would really like your take on this. What am I missing here?

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back once it's accessible to me. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

It takes a little time to be able to get helpful information, so I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the Department of Justice at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. It's probably something the landlord could use. You can get information on this from the two places I mentioned. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

So, if you do the work there are many benefits: Disabled people will have access to the same goods and services as the non-disabled, that's called equality. You get a tax credit which is a help to you while at the same time fulfilling your responsibility to provide access, that's good. Access will be good for business. People with disabilities prefer accessible places to spend their money in, that's good. So, I hope you see all the benefits.

Thank you for considering my request.

Sincerely,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

November 19, 2009

Owner of the Building
Metro Cell
2888 Mission Street
San Francisco, CA 94110

Dear Owner of Building for Metro Cell:

Recently, I was on Mission Street doing a little business, a little sight seeing and having a little food.

I came to Red's Café and I couldn't get in without assistance. It just so happened no one was around. You see I use a wheelchair and the doors are too narrow.

The reason I'm writing the three of you is because I looked around and wheeled to Lian Nails (saw a person in a wheelchair there) and Metro PC Cell store (kinda busy). I encountered rather steep ramps, that make it difficult in a wheelchair to get in, a manual chair.

Anyway, I thought that because all of you are tenants in the same building you could meet with the landlord and discuss the access.

It seems you need one big door at Red's, and a power door at each of the other places. You know once it rain, it's cold out and the doors will be shut. That makes it impossible to enter in a chair given the slope.

I thought the landlord and the tenants should know about this. That's why I wrote this identical letter to everybody. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

There is something that I want to tell each of you and if you care to, I'd like you to tell me what you think. The Americans with Disabilities Act of 1990 was passed 20 years ago. During that time, places like yours were to be made accessible. The building is certainly more than 20 years old, right? The landlord owns the place and rents it to tenants or maybe you've been the only tenant. The landlords past and present have gotten 20 years of rent, right? So, why with all that money aren't things made right? Can you explain it to me? I would really like your take on this. What am I missing here?

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back once it's accessible to me. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

It takes a little time to be able to get helpful information, so I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the Department of Justice at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. It's probably something the landlord could use. You can get information on this from the two places I mentioned. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

So, if you do the work there are many benefits: Disabled people will have access to the same goods and services as the non-disabled, that's called equality. You get a tax credit which is a help to you while at the same time fulfilling your responsibility to provide access, that's good. Access will be good for business. People with disabilities prefer accessible places to spend their money in, that's good. So, I hope you see all the benefits.

Thank you for considering my request.

Sincerely,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

November 19, 2009

Manager
Red Café
2894 Mission Street
San Francisco, CA 94110

Dear Manager of Red Café:

Recently, I was on Mission Street doing a little business, a little sight seeing and having a little food.

I came to Red's Café and I couldn't get in without assistance. It just so happened no one was around. You see I use a wheelchair and the doors are too narrow.

The reason I'm writing the three of you is because I looked around and wheeled to Lian Nails (saw a person in a wheelchair there) and Metro PC Cell store (kinda busy). I encountered rather steep ramps, that make it difficult in a wheelchair to get in, a manual chair.

Anyway, I thought that because all of you are tenants in the same building you could meet with the landlord and discuss the access.

It seems you need one big door at Red's, and a power door at each of the other places. You know once it rain, it's cold out and the doors will be shut. That makes it impossible to enter in a chair given the slope.

I thought the landlord and the tenants should know about this. That's why I wrote this identical letter to everybody. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

There is something that I want to tell each of you and if you care to, I'd like you to tell me what you think. The Americans with Disabilities Act of 1990 was passed 20 years ago. During that time, places like yours were to be made accessible. The building is certainly more than 20 years old, right? The landlord owns the place and rents it to tenants or maybe you've been the only tenant. The landlords past and present have gotten 20 years of rent, right? So, why with all that money aren't things made right? Can you explain it to me? I would really like your take on this. What am I missing here?

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back once it's accessible to me. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

It takes a little time to be able to get helpful information, so I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the Department of Justice at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. It's probably something the landlord could use. You can get information on this from the two places I mentioned. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

So, if you do the work there are many benefits: Disabled people will have access to the same goods and services as the non-disabled, that's called equality. You get a tax credit which is a help to you while at the same time fulfilling your responsibility to provide access, that's good. Access will be good for business. People with disabilities prefer accessible places to spend their money in, that's good. So, I hope you see all the benefits.

Thank you for considering my request.

Sincerely,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

November 19, 2009

Owner of the Building
Red Café
2894 Mission Street
San Francisco, CA 94110

Dear Owner of the Building for Red Café:

Recently, I was on Mission Street doing a little business, a little sight seeing and having a little food.

I came to Red's Café and I couldn't get in without assistance. It just so happened no one was around. You see I use a wheelchair and the doors are too narrow.

The reason I'm writing the three of you is because I looked around and wheeled to Lian Nails (saw a person in a wheelchair there) and Metro PC Cell store (kinda busy). I encountered rather steep ramps, that make it difficult in a wheelchair to get in, a manual chair.

Anyway, I thought that because all of you are tenants in the same building you could meet with the landlord and discuss the access.

It seems you need one big door at Red's, and a power door at each of the other places. You know once it rain, it's cold out and the doors will be shut. That makes it impossible to enter in a chair given the slope.

I thought the landlord and the tenants should know about this. That's why I wrote this identical letter to everybody. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

There is something that I want to tell each of you and if you care to, I'd like you to tell me what you think. The Americans with Disabilities Act of 1990 was passed 20 years ago. During that time, places like yours were to be made accessible. The building is certainly more than 20 years old, right? The landlord owns the place and rents it to tenants or maybe you've been the only tenant. The landlords past and present have gotten 20 years of rent, right? So, why with all that money aren't things made right? Can you explain it to me? I would really like your take on this. What am I missing here?

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back once it's accessible to me. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

It takes a little time to be able to get helpful information, so I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the Department of Justice at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. It's probably something the landlord could use. You can get information on this from the two places I mentioned. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

So, if you do the work there are many benefits: Disabled people will have access to the same goods and services as the non-disabled, that's called equality. You get a tax credit which is a help to you while at the same time fulfilling your responsibility to provide access, that's good. Access will be good for business. People with disabilities prefer accessible places to spend their money in, that's good. So, I hope you see all the benefits.

Thank you for considering my request.

Sincerely,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

January 21, 2010

Manager                              Manager
Lian Nails                           Red Café
2890 Mission Street                  2894 Mission Street
San Francisco, CA 94110              San Francisco, CA 94110

Manager
Metro Cell
2888 Mission Street
San Francisco, CA 94110

Dear Managers:

　　　Hello, how are you doing?  I'm writing this same letter to all of you because you're all owners and/or tenants in the same building.  I didn't hear from you.  I wrote you on November 19, 2009, about the steep slope at the doorway and the possibility of a power door.  You know slopes are difficult in a wheelchair as are steps and narrow doors.  So, how is the solution coming?  When you get this letter, write me back.

Sincerely,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

January 21, 2010

Owner of the Building
Lian Nails
2890 Mission Street
San Francisco, CA 94110

Owner of the Building
Red Café
2894 Mission Street
San Francisco, CA 94110

Owner of the Building
Metro Cell
2888 Mission Street
San Francisco, CA 94110

Dear Owners of Building:

       Hello, how are you doing?  I'm writing this same letter to all of you because you're all
owners and/or tenants in the same building.  I didn't hear from you.  I wrote you on November
19, 2009, about the steep slope at the doorway and the possibility of a power door.  You know
slopes are difficult in a wheelchair as are steps and narrow doors.  So, how is the solution
coming?  When you get this letter, write me back.

Sincerely,

Craig Yates